UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL CHARLES,

                              Plaintiff,

                                                                      Docket No.: 11 CV 2709

            -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE COMMISSIONER  LAWRENCE W. MULVEY,
NASSAU COUNTY POLICE CHIEF OF DETECTIVES          (MKB)(GRB)
STEVEN SKRYNECKI, in his official and individual
capacities, NASSAU COUNTY POLICE DETECTIVE
LIEUTENANT KEVIN SMITH, in his individual and
official capacities, NASSAU COUNTY POLICE DETECTIVE
 RENE YAO, in her official and individual capacities, NASSAU
COUNTY POLICE DETECTIVE CHARLES DECARO, in his
official and individual capacities, NASSAU COUNTY POLICE
DETECTIVE SERGEANT RICHARD DORSI, in his official
 and individual capacities, INCORPORATED VILLAGE OF
HEMPSTEAD, VILLAGE OF HEMPSTEAD TRUSTEE
PERRY PETUS, in his official and individual Capacities,
 VILLAGE OF HEMPSTEAD POLICE CHIEF JOSEPH
WING, in his official and individual capacities, KENNETH
POWELL and JOHN DOES # 1-5,

                              Defendants.
------------------------------------------------------------------------X

# OBJECTIONS TO REPORT AND RECOMMENDATION

## DATED FEBRUARY 20, 2015

HARRIS BEACH PLLC
*Attorneys for Village Defendant*
333 Earle Ovington Blvd., Suite 901
Uniondale, New York 11553
(516) 880-8484
Fax: (516) 880-8483

<u>**PRELIMINARY STATEMENT**</u>

This Memorandum of Law contains the Village Defendant's Objections under Federal Rule of Civil Procedure (hereinafter "F.R.C.P.") 72(b) to the Report and Recommendation of Magistrate Gary R. Brown, dated February 20, 2015 (hereinafter "Report and Recommendation").

The Plaintiff claims Village of Hempstead Trustee Perry Pettus and Village of Hempstead Police Chief Joseph Wing (hereinafter "Village Defendants"), violated his rights when the County Defendants arrested him on March 8, 2010. The crux of Plaintiff's complaint is that the Village Defendants conspired with the County Defendants to arrest the Plaintiff.

It is undisputed, that the County Defendants arrested and prosecuted the Plaintiff. Further, the County Defendants acknowledge in their Motion for Summary Judgment, dated October 23, 2013, that the Village Defendants were not involved in the arrest and prosecution of the Plaintiff. (*See:* County Defendants motion, dated October 23, 2013) Nevertheless, the Report and Recommendation denies the Village Defendants motion seeking dismissal of the Plaintiff's false arrest claim, malicious prosecution claim, conspiracy claim and various other improper claims under F.R.C.P. 12(c), or in the alternative summary judgment under F.R.C.P. 56.

## PROCEDURAL HISTORY

The Plaintiff failed to engage in discovery in this action. The Plaintiff did not provide the Village Defendants with any discovery under the F.R.C.P. The Village Defendants were not provided with documentary evidence during discovery concerning Plaintiff's claims and, there were no depositions conducted in this action. In fact, the Plaintiff did not even provide a Rule 26(a) Disclosure as required by F.R.C.P. Rule 26.

On three (3) occasions (April 12, 2012, August 14, 2012 and November 15, 2012) the Plaintiff requested extensions of the discovery schedule from the Court. On all three (3) occasions the Village Defendants consented to said request. (*See: ECF Docket Nos. 23, 25 and 26*). The Court granted the Plaintiff's three (3) separate requests and the Plaintiff did not comply with all three (3) briefing schedules ordered by the Court. (*See: ECF Orders Entered 4/13/12, 8/15/12 and 11/16/12*).

Thereafter, a fourth request for an extension of the discovery schedule in this action was submitted. Once again, the Village Defendants consented to said request. (*See: ECF Docket No. 28*) On March 19, 2013, the Court denied the Plaintiff's request and certified discovery as closed on February 7, 2013. (*See: ECF Docket No. 29*).

On April 4, 2013 the Plaintiff submitted a letter motion seeking reconsideration by the Court of its prior order closing discovery. (*See: ECF Docket No. 35*) At a Court conference held on April 11, 2013, the Court reconsidered its prior order and thereafter affirmed that discovery was closed on February 7, 2013. (*See: ECF Docket No. 40*) Thereafter, the Village Defendants requested a pre motion conference to discuss dispositive motion practice.

On May 14, 2013 all parties appeared for a status conference before the Hon. Thomas E. Boyle and the Plaintiff once again attempted to have the court reconsider its prior orders closing discovery. The Court left its prior orders closing discovery intact.

Thereafter, on June 4, 2015 the Plaintiff requested that this Court reverse the order closing discovery on February 7, 2013. The Village Defendants opposed said application. On July 15, 2013, this Court entered order affirming the decision of the Hon. Thomas E. Boyle to close discovery in this action.

## FACTUAL BACKGROUND

On January 8, 2014, the Village Defendants served a Notice of Motion to Dismiss the Plaintiff's complaint, on the pleadings, under F.R.C.P. 12(c). In said motion, the Village Defendants only attached the pleadings in support its dispositive motion under F.R.C.P. 12(c). The Village Defendants did move in the alternative for summary judgment, however the Village Defendants did not rely upon any documents outside of the pleadings for their motion.

As there was no fact discovery completed in this action, the only facts relied upon by the Village Defendants in support of its motion were taken from the pleadings and the County Defendants motion papers. The Village Defendants were not in possession of any facts concerning this action.

In Opposition to the Village Defendants motion, the Plaintiff attempted to submit hundreds of pages of documents as a means of getting around his clear failures in the discovery process. The Village Defendants did not rely upon any of these documents and submitted to the Court that said documents should not be relied upon to decide Village Defendants motion to dismiss.

3

The Report and Recommendation converted the Village's motion to summary judgment and relied upon the documents submitted by the Plaintiff in opposition, that were never disclosed to the Village Defendants, as a basis to deny summary judgment to the Village Defendants.

## ARGUMENT
### POINT I
### THE VILLAGE DEFENDANTS ARE ENTITLED TO DISMISSAL OF THE PLAINTIFF'S COMPLAINT UNDER F.R.C.P. 12(c)

The Plaintiff failed to sufficiently plead a cause of action for conspiracy and as such the Village Defendants are entitled to dismissal of the Plaintiff's complaint. (*See:* Leon v. Murphy, 988 F.2d 303 (2nd Circ. 1993); Sommer v. Dixon, 709 F.2d 173 (2nd Circ. 1983); Contemporary Mission, Inc., v. United States Postal Service, 648 F2d 97 (2nd Circ. 1981)). The crux of Plaintiff's claims is that the Village Defendants conspired with the County Defendants to arrest and prosecute the Plaintiff.

As this Court is well aware, to establish a conspiracy claim under § 1983 the Plaintiff is required to prove (1) an agreement between the Village Defendants and the County Defendants; (2) to act in concert to inflict an unconstitutional injury on the Plaintiff and (3) an overt act by the Village Defendants done in furtherance of the goal causing damages to the Plaintiff, Mitchell v. County of Nassau, 2011 WL 1113767 (E.D.N.Y 2011); Pangburn v. Culbertson, 200 F.3d 65 (2nd Circ. 1999). A § 1983 conspiracy claims fails as a matter of law when there is no constitutional violations, Curley v. Village of Suffern, 268 F.3d 65 (2nd Circ. 2001); Beckles v. City of New York, 2011 WL 722770 (S.D.N.Y. 2011).

The Report and Recommendation is in error as it completely failed to consider the Village Defendants motion under FRCP 12(c) and simply converted the Village Defendants

application to one for summary judgment. A review of the Plaintiff's complaint demonstrates a complete absence of any facts that give rise to a cause of action against the Village Defendants for conspiracy. The Plaintiff's complaint contains nothing more than bald conclusions and unsubstantiated allegations without any reference whatsoever to the date, time or even place of an alleged agreement between the Village Defendants and the County Defendants to inflict an unconstitutional injury. Additionally, the Plaintiff's complaint does not even set forth any semblance of facts to establish an overt act by the Village Defendants to act in furtherance of an alleged conspiracy.

In Mitchell v. County of Nassau, 2011 WL 1113767 (E.D.N.Y 2011) the Plaintiff set forth conclusory allegations and unsubstantiated statements in support of her § 1983 conspiracy claim against the defendants. The Court held that conclusory allegations and unsubstantiated statements will not withstand a dispositive motion where the record is devoid of any proof of an agreement between the defendants to act in concert to violate plaintiff's constitutional rights.

Similarly, in the case at bar the Plaintiff's complaint is based upon nothing more than conclusory allegations and unsubstantiated statements. There is no record before this Court to establish a claim against the Village Defendants for conspiracy.

The Report and Recommendation erred by converting the Village Defendants motion under F.R.C.P. 12(c) to a motion for summary judgment. As this Court is well aware, the essential inquiry in determining whether a court properly converted a motion under F.R.C.P. 12(c) to a motion for summary judgment, is whether the moving party should reasonably have recognized the possibility that the motion might be converted or was taken by surprise and deprived of a reasonable opportunity to meet facts outside of the pleadings, National Association of Pharmaceutical Manufactorers, Inc. v. Ayerst Laboratories, 850 F.2d 904 (2nd Circ. 1988); In

re G & A. Books, Inc.,770 F.2d 288 (2nd Circ. 1985); Gurary v. Winehouse, 190 F.3d 37 (2nd Circ. 1999).

Under F.R.C.P. 12(c) when a court converts a motion for judgment on the pleadings to a motion for summary judgment the parties must be given a reasonable opportunity to present all material made pertinent to such a motion, F.R.C.P. 12(c); Sira v. Morton, 380 F.3d 57 (2nd Circ. 2004). In the case at bar, the Village Defendants were not given a reasonable opportunity to present all evidence pertinent to a motion for summary judgment.

The Village Defendants could not have reasonably recognized the possibility that their motion for a judgment on the pleadings would be converted to a summary judgment motion, as there were no facts or any evidence provided to the Village Defendants in discovery for a court to consider on said motion. The Court closed discovery and then allowed the Plaintiff to rely upon documents that were not provided to the Village Defendants as a basis to defeat the Village Defendants dispositive motion.

The case at bar is synonymous with National Association of Pharmaceutical Manufactorers, Inc. v. Ayerst Laboratories, 850 F.2d 904 (2nd Circ. 1988). In National Association of Pharmaceutical Manufactorers, Inc, *Supra*, the Magistrate Judge converted a motion to dismiss to a motion for summary judgment where the movant moved in the alternative for summary judgment. The District Court judge held the Magistrate's erred by treating the motion as one for summary judgment as movant made clear that they did not consider their motion as one for summary judgment.

Similarly, in the case at bar the Village Defendants moved for a judgment on the pleadings or in the alternative for summary judgment. The Village Defendants only attached the

pleadings to their motion and at no time did the Village Defendants intend for the court to consider their application as one for summary judgment.

Additionally, the case at bar is similar to Steadman v. Mayo, 2012 WL 1948804 (S.D.N.Y. 2012). In Steadman, *Supra*, the Plaintiff interposed a conspiracy claim based upon excessive force. The Plaintiff actually pleaded that the Police accosted him on a certain date and that one officer advised another officer to throw the Plaintiff down the stairs. Other than these factual assertions, the Plaintiff's complaint was nothing more than unsubstantiated statements and conclusory allegations. The court granted the defendants motion for a judgment on the pleadings under F.R.C.P. 12(c).

Similarly, in the case at bar the Plaintiff has failed to plead anything other than conclusory statements and unsubstantiated allegations that do not establish the elements of a conspiracy claim. The Village Defendants are entitled to judgment on the pleadings under F.R.C.P. 12(c).

The Report and Recommendation erred by finding that the Plaintiff plead a cause of action under the first amendment. It is respectfully submitted that the Village Defendants are entitled to dismissal of any claim purported by the Plaintiff to be under the first amendment. The Plaintiff's complaint contains noting more than conclusory allegations and unsubstantiated statements. As such, dismissal of said claim is warranted as against the Village Defendants.

**POINT II**
**THE PLAINTIFF IS PRECLUDED FROM RELYING**
**UPON EVIDENCE THAT WAS NOT DISCLOSED DURING DISCOVERY**

The Report and Recommendation is in error as it relied upon the Plaintiff's 56.1 Statement and Plaintiff's Additional Material Facts as a basis for the facts of this case. However, the information relied upon the Report and Recommendation was not provided to the Village

7

Defendants in discovery. Under federal law, the Plaintiff is precluded from utilizing evidence, that was not provided in discovery, on a motion unless the failure was justified or is harmless, Curcio v. Roosevelt Union Free Sch. Dist., 2012 U.S. Dist. LEXIS 180385, 2-3 (E.D.N.Y. 2012);

In the case at bar, the Court has already determined that the Plaintiff's failure to provide discovery was not justified. The Court did not accept the Plaintiff's justifications for not providing discovery and, on three (3) occasions affirmed its decision to close discovery as of February 7, 2013.

More importantly, the Plaintiff's failure to provide discovery is not harmless. The Village Defendants will be substantially harmed if the Plaintiff is allowed to bypass the discovery process and, utilize evidence that was not disclosed as a basis for defeating a dispositive motion. The Village Defendants were denied an opportunity to assess any evidence in this case and the Report and Recommendation provided the Plaintiff with the advantage of relying upon evidence that was not disclosed.

The case at bar is synonymous with Lujan v. Cabana Management, Inc., 2012 WL 3062017 (E.D.N.Y. 2012). In Lujan, *Supra*, the defendant attempted to introduce discovery that was not disclosed to the plaintiff. The Court acknowledging that the purpose of F.R.C.P. Rule 26 is to prohibit "sandbagging" of a party at trial or on a motion, precluded the defendant from relying upon evidence that was not disclosed. Similarly, in the case at bat the Plaintiff is attempting to rely upon evidence that was not disclosed and said course of action amounts to the sandbagging of the Village Defendants in this matter.

It is respectfully requested that this Court reject the Report and Recommendation and dismiss the Plaintiff's complaint against the Village Defendants in its entirety.

## POINT III
## THERE IS NO SUPPORT FOR A FINDING THAT
## THE VILLAGE DEFENDANTS FALSELY ARRESTED THE PLAINTIFF

The Plaintiff's cause of action against the Village Defendants for false arrest must be dismissed. The evidence of the case at bar, establishes that the Village Defendants did not arrest the Plaintiff. (*See:* County Defendants motion, dated October 23, 2013)

The cause of action for false arrest requires the plaintiff to show the defendant intentionally arrested the plaintiff; (2) plaintiff was aware of the arrest, (3) the arrest was not consented to, and (4) the arrest was not supported by probable cause, Donohue v. Baker, 976 F.Supp. 136 (N.D.N.Y. 1997); Singer v. Fulton County Sheriff, 63 F.3d 110 (2nd Circ. 1995); Jaegly v. Couch, 439 F.3d 149 (2nd Circ. 2006).

Pursuant to New York law, a false arrest claim against a police officer who did not effectuate the arrest must be dismissed, Tartaglione v. Pugliese, 2002 WL 31387255 (S.D.N.Y. 2002); Villano v. Incorporated Village of Old Brookville, 63 A.D.3d 915, 882 N.Y.S.2d 157 (2nd Dep't. 2009); Donohue v. Baker, 976 F.Supp. 136 (N.D.N.Y. 1997); Rendely v. Town of Hunitngton, 2006 WL 5217083 (E.D.N.Y. 2006).

The Report and Recommendation mistakenly contorts the decision of the court in Anilao v. Spota, 774 F.Supp.2d 457 (E.D.N.Y. 2011). In Anilao, *Supra*, the Court held that a defendant cannot be held liable for affirmatively instigating or procuring a false arrest when he merely provides information to the police.

The Report and Recommendation wants to deny the Village Defendants dismissal as a result of the victim Kenneth's Powell's father escorting his son to the County Police Department to provide a statement concerning the Plaintiff's brandishing of a shotgun in an attempt to take Mr. Powell into custody. Clearly, a father cannot be deemed to be effectuating an arrest merely

9

by escorting his child to the police department. Additionally, there is absolutely no evidence before this Court that the Village Defendants instigated the arrest of the Plaintiff in any way whatsoever that rises to the level of procuring a false arrest.

## <u>CONCLUSION</u>

In light of the foregoing, the Village Defendants object to the Report and Recommendation, dated February 20, 2013, pursuant to F.R.C.P. 72(b) and, respectfully request that this Court dismiss the Plaintiff's complaint in its entirety.

Dated: Uniondale, New York
      April 22, 2015

                                           HARRIS BEACH, PLLC
                                           *Attorneys for Village Defendants*

                                            _____S/_____
                                           By: Keith M. Corbett, Esq.
                                           The OMNI
                                           333 Earle Ovington Blvd., Suite 901
                                           Uniondale, New York 11553
                                           (516)880-8484

To:     Mariel LaSasso, Esq.
         LaSasso Law Group PLLC
         80 Maiden Lane, Suite 2205
         New York, New York 10038
         (212) 421-6000

         Carnel Foskey, Esq.
         Nassau County Attorney
         One West Street
         Mineola, New York 11501
         (516)571-2999

11