**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MICHAEL CHARLES,  Plaintiff,  -against-  COUNTY OF NASSAU; NASSAU COUNTY POLICE COMMISSIONER LAWRENCE W. MULVEY; NASSAU COUNTY POLICE CHIEF OF DETECTIVES STEVEN SKRYNECKI, in his official and individual capacities; NASSAU COUNTY POLICE DETECTIVE LIEUTENANT KEVIN SMITH, in his individual and official capacities; NASSAU COUNTY POLICE DETECTIVE RENE YAO in her official and individual capacities; NASSAU COUNTY POLICE DETECTIVE CHARLES DECARO, in his official and individual capacities, NASSAU COUNTY POLICE DETECTIVE SERGEANT RICHARD DORSI, in his official and individual capacities; INCORPORATED VILLAGE OF HEMPSTEAD; VILLAGE OF HEMPSTEAD TRUSTEE PERRY PETTUS, in his official and individual capacities; VILLAGE OF HEMPSTEAD POLICE CHIEF JOSEPH WING, in his official and individual capacities; KENNETH POWELL and JOHN DOES # 1-5, Defendants. | 11-CV-2709 (MKB)(GRB) |

---

**MEMORANDUM OF LAW IN OPPOSITION TO VILLAGE DEFENDANTS'**
**OBJECTION TO MAGISTRATE JUDGE BROWN'S**
**FEBRUARY 20, 2015 REPORT AND RECOMMENDATION**

---

LASASSO LAW GROUP PLLC
80 Maiden Lane, Suite 2205
New York, New York 10038
*Attorneys for Plaintiff*

By:    Mariel LaSasso, Esq.
(212) 421-6000
mariel@lasassolaw.com

## **Table of Contents**

Table of Contents .................................................................................................. i

Table of Authorities ............................................................................................. ii

I.    Sanction of Preclusion is Improper Here ............................................... 1

    A.    Judge Boyle Previously Denied Village's Application for a Preclusion Order .......... 1

    B.    The Village Did Not Appeal the May 23 Order ........................................ 5

    C.    The May 23 Order is Neither Clearly Erroneous or Contrary to Law ........................ 5

    D.    The Village Objection as to Documents is Merely a Reiteration of Village's Previous Application for Preclusion Denied by the May 23 Order .................................... 11

    E.    The Village Objection as to Witness Affidavits was Also Previously Addressed by the Court.................................................................................................... 12

II.   Village's Motion was Properly Construed as a Motion For Summary Judgment .......... 15

III.  The Report and Recommendation's Legal Conclusions are Sound .............................. 17

## <u>Table of Authorities</u>

**Cases**

*Aboeid v. Saudi Arabian Airlines Corp.*, No. 10-CV-2518, 2011 WL 5117733 (E.D.N.Y. Sept. 6, 2011) ............................................................................................................................. 6

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564 (1985).......................................................... 5

*Atkins v. County of Orange*, 372 F.Supp.2d 377 (S.D.N.Y.2005)...................................................... 6

*Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231 (E.D.N.Y. 2013).................................................. 8

*Conway v. Icahn*, 16 F.3d 504 (2d Cir. 1994)..................................................................................... 6

*Crosby v. City of New York,* 269 F.R.D. 267 (S.D.N.Y.2010) ........................................................... 8

*DePrima v. City of New York Dep't of Educ.*, No. 12–CV–3626, 2014 WL 1155282 (E.D.N.Y. Mar. 20, 2014)............................................................................................................................. 12

*Garnett v. City of New York*, 2014 WL 1383255 (S.D.N.Y. Apr. 4, 2014) ....................................... 9

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006)...................... 8

*Grdinich v. Bradlees,* 187 F.R.D. 77 (S.D.N.Y.1999) ....................................................................... 10

*Green v. Montgomery,* 219 F.3d 52 (2d Cir.2000) ............................................................................. 8

*Hamill v. Prudential Ins. Co. of Am.*, No. 11-CV-1464, 2013 WL 27548 (E.D.N.Y. Jan. 2, 2013) ........................................................................................................................................... 6

*Hein v. Cuprum, S.A., De C.V.,* 53 Fed. Appx. 134, 2002 WL 31768155 (2d Cir.2002)............... 6

*Hinton v. Patnaude,* 162 F.R.D. 435 (N.D.N.Y.1995) ...................................................................... 10

*Houlihan v. Invacare Corp.*, 2006 WL 1455469 (E.D.N.Y. May 24, 2006) ................................... 6

*In re Teligent, Inc.,* 2006 WL 1030417 (S.D.N.Y. 2006) ........................................................ 7, 11, 13

*Jockey International, Inc. v. M/V Leverkusen Express*, 217 F. Supp.2d 447 (S.D.N.Y.2002) ................................................................................................................................. passim

*Johnson v. Police Officer #17969*, 2000 WL 1877090 (S.D.N.Y. Dec. 27, 2000)......................... 9

*Kalogris v. Roberts,* 185 A.D.2d 335, 586 N.Y.S.2d 806 (1992) ...................................................... 8

*Kunstler v. City of New York*, 242 F.R.D. 261 (S.D.N.Y. 2007) ...................................................... 9

*Lore v. City of Syracuse*, 2005 WL 3095506 (N.D.N.Y. 2005)....................................................... 14

*Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201 (E.D.N.Y. 2010) ........................... 6

*Outley v. City of New York,* 837 F.2d 587 (2d Cir. 1988)............................................................ 9, 13

*Potter v. Phillips,* No. CV 03-4942, 2004 WL 3250122 (E.D.N.Y. Mar. 28, 2004) ....................... 6

*Pressley v. City of New York*, No. 11-CV-3234, 2013 WL 145747 (E.D.N.Y. Jan. 14, 2013) ...... 5

*Rahman v. Fischer*, No. 10–CV–1496, 2014 WL 688980 (N.D.N.Y. Feb. 20, 2014) ................. 11

*Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639 (2d Cir.1988) ................................................... 17

*Taylor v. New York City Transit Auth.,* 131 A.D.2d 460, 516 N.Y.S.2d 237 (1987) .................... 8

*Time Square Foods Imports LLC v. Philbin*, No. 12–CV–9101, 2014 WL 521242 (S.D.N.Y. Feb. 10, 2014) ...................................................................................................................................... 11

*United States v. Isiofia*, 370 F.3d 226 (2d Cir. 2004) ........................................................................ 5

*Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* 475 F.Supp.2d 275 (S.D.N.Y.2006) .................................................................................................................................................. 17

*Ward v. National Geographic Soc'y,* No. 99 Civ. 12385, 2002 WL 27777 (S.D.N.Y. Jan. 11, 2002) ............................................................................................................................................... 7

*Webb v. Buchanan Marine, Inc.*, 2000 WL 35923676 (S.D.N.Y. 2000)........................... 7, 9, 10

*Wright v. Aargo Sec. Serv,* 2001 WL 1035139 (S.D.N.Y. 2001) ................................................... 14

**Statutes**

Fed R. Civ. P 12(d) ............................................................................................................................. 16

Fed. R. Civ P. 72(a) ................................................................................................. 5

Fed. R. Civ. P. 26(e) ............................................................................................... 12

Fed. R. Civ. P. 37(c) ................................................................................................. 6

Fed. R. Civ. P. 56 ................................................................................................... 16

Fed. R. Civ. P. 72(b) ................................................................................................. 1

Fed. R. Evid. 201 ...................................................................................................... 8

Plaintiff Michael Charles respectfully submits this Memorandum of Law in opposition to Village Defendants' ("Village") Objection dated April 22, 2015 (DE 93)("Village Objection"), pursuant to Rule 72(b) to Magistrate Judge Brown's Report and Recommendation, dated February 20, 2015 (DE 87)("Report and Recommendation" or "RR"). The Village argues that "[t]he Report and Recommendation is in error as it relied upon Plaintiff's 56.1 Statement and Plaintiff's Additional Material Facts as a basis for the facts of this case [because] the information relied upon [by] the Report and Recommendation was not provided to the Village Defendants in discovery." Village Objection, 7-8. The Village Objection is properly construed as a motion for the preclusion of evidence referenced within those documents.

The Village Objection should be denied because (i) the sanction of preclusion is not appropriate on these facts; (ii) treatment of the Village's motion as a motion for summary judgment pursuant to Rule 56 was proper; and (iii) the legal conclusions within the Report and Recommendation are sound.

**I.      Sanction of Preclusion is Improper Here**

The Sanction of preclusion is inappropriate on these facts as (i) Judge Boyle previously denied Village's application for a preclusion order on May 23, 2013 ("May 23 Order"); (ii) the Village did not appeal the May 23 Order; (iii) The May 23 Order is neither clearly erroneous or contrary to law; (iv) the Village Objection as to documents is merely a reiteration of Village's previous application for preclusion denied by the May 23 Order; and (v) The Village Objection as to witness affidavits was also previously addressed by the Court.

A.      Judge Boyle Previously Denied Village's Application for a Preclusion Order

On March 5, 2013, Plaintiff disclosed criminal trial documents from *People of the State of New York v. Michael Charles*, Ind. No. 1798N-10 ("*People v. Charles*"), along with

1

documents created by the Village and criminal background documents on convicted felon, Kenneth Powell ("March 5 Production"). At the time Plaintiff made the March 5 Production, all parties consented to extending the discovery deadline.  *See* March 18, 2013 Letter County to Judge Boyle (Docket Entry No. 28). Additionally, at the time of the March 5 Production, the Village neither rejected this disclosure nor raised any objection to it.  To the contrary, on a March 15, 2013 telephone call, all parties agreed that more time was needed to complete discovery and that Village and County would soon provide responses to Plaintiff's demands from back in 2012. As such, on March 18, 2013, County submitted a letter (Docket Entry No. 28) requesting the extension of discovery and submitting an amended schedule.  The parties had agreed to exchange discovery responses in short order.

By Order dated March 19, 2013, Judge Boyle denied County's request for an extension and certified discovery complete as of February 7, 2013.  Order of Magistrate Judge Thomas E. Boyle dated March 19, 2013 (Docket Entry No. 29) (the "March 19 Order").  After conferring with Village and County once more, Plaintiff wrote to Judge Boyle on March 25, 2013 (Docket Entry No. 30) to request a conference regarding the denial of the discovery extension.  Plaintiff further informed the Court that the parties were cooperating on discovery and Defendants' counsel had informed Plaintiff's counsel that they would make productions within a week.  Also, on March 25, 2013, County wrote to Judge Brodie requesting an extension of the deadlines for filing dispositive motions based on the mistaken belief that the discovery deadline would be extended.  *See* March 25, 2013 Letter County to Judge Brodie (Docket Entry No. 32).  "All parties were in discussions regarding the unfinished status of discovery and we were in agreement that an extension would be requested."  March 25, 2013 Letter County to Judge Brodie (Docket Entry No. 32).

2

On April 6, 2013, Plaintiff filed a proposed joint pre-trial order (Docket Entry No. 38) ("Joint PTO") listing documents and witnesses Plaintiff intends to rely upon at trial.  (Docket Entry No. 38).  In the Joint PTO, Plaintiff listed, *inter alia*, the records contained in the March 5 Production. The Joint PTO further listed Willie Dixon, Robert Napolitano, Anthony Fore a/k/a "Super Blood[1]," Henry Conyers and Brian Schuck as potential witnesses.

At a hearing before Judge Boyle on April 11, 2013, Judge Boyle denied Plaintiff's request to reopen discovery in part because Plaintiff could rely upon the documents from the underlying criminal action in *People v. Charles*.  *See* Transcript of Hearing, April 11, 2013,20:24-21:4, attached hereto as **Ex. 1**.  In consideration of Village's prior consent on the issue, Judge Boyle made clear at the April 11, 2013 Conference that the documents disclosed in the March 5 Production would be fair game: "to the extent that the parties want to engage in any kind of disclosure here, you all know that you have the right to do that up to and including any trial...But court intervention is over." Transcript of Hearing, April 11, 2013, 22:4-7; 22:9. Village's counsel responded "Understood, your Honor."  Transcript of Hearing, April 11, 2013, 22:8. Tellingly, Judge Boyle chastened Plaintiff's counsel: "You're fortunate in that there was a criminal trial in this case....So you've got more of a record than you have in 999 out of 1,000 cases in this court." *Id.* 6:15-20.  In denying Plaintiff's request for an extension of the discovery deadline, Judge Boyle's language makes clear that these records were available to Plaintiff:

> You've had more than ample opportunity to do this case and as I say, ***you have the distinct advantage here of having a whole criminal record -- criminal trial***. So for all those reasons, in addition to what was stated in the original order, I'm going to deny your application in all other respects.

Transcript of Hearing, April 11, 2013,20:24-21:4 (***emphasis added***).

---

[1] At the time of the Joint PTO, Anthony Fore was known to Plaintiff only as "Super Blood."

Notwithstanding it previous position and the Court's statements on the matter, by letter to Judge Boyle dated April 19, 2013 (Docket Entry No. 42), the Village objected to "the introduction of any evidence that was not provided to the Village Defendants in the discovery process, as well as, the calling of any witnesses at the time of trial that were not disclosed to the Village Defendants prior to February 7, 2013." *Id.*

On May 14, 2013, this issue of preclusion was raised before Judge Boyle.  The transcript of the May 14 hearing was filed on the docket (Docket Entry. No 52).  At the May 14, 2013 hearing, Judge Boyle directed the parties to make post-argument submissions regarding Village's objection to exhibits to the Joint PTO that were not disclosed prior to the filing of the pretrial order. *See* Transcript of Hearing, May 14, 2013, 39:6-40:4 (Docket Entry No. 52). At the May 14, 2013 hearing concerning the issue, the Village acknowledged that it had "no problem with records and witnesses that were disclosed prior to the submission of the pretrial order." *Id.* 16:21-23.

On May 17, 2013, Plaintiff submitted a letter to Judge Boyle (Docket Entry No. 49) arguing against preclusion on the basis that (i) good cause exists for Plaintiff's failure to comply, (ii) the evidence for which preclusion was sought is crucial to Plaintiff's claims, (iii) Defendants would suffer little to no prejudice as evidence comes from the public record, Defendants' own files, and had been equally available to Defendants, (iv) the pre-motion conference before Judge Brodie was still months away, and (v) no trial date had been set.

The Village replied to Plaintiff's post-argument submission by letter dated May 21, 2013 (Docket Entry No. 51), stating now that "Plaintiff cannot be allowed to submit evidence and witnesses in the Pre-Trial Order that were not disclosed to the Village Defendants prior to February 7, 2013." *Id.* By Order dated May 23, 2013, Judge Boyle denied Village's motion for

preclusion: "the pending motions addressed to the pre-trial order are denied without prejudice to renewal upon receipt of a decision on any motion for summary judgment.[2]" Order of Magistrate Judge Thomas E. Boyle dated May 23, 2013 (Docket Entry No. 53) ("the May 23 Order").

B.      The Village Did Not Appeal the May 23 Order

The Village had 14 days to serve and file objections to the May 23 Order. *See* Fed. R. Civ P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). Thus, any objection to the May 23 Order must have been served and filed no later than June 6, 2013. The Village did <u>not</u> file an objection.[3]

C.      The May 23 Order is Neither Clearly Erroneous or Contrary to Law

Assuming *arguendo* that the Village had timely objected to the May 23 Order, Judge Boyle's denial of preclusion should stand as this finding is not "clearly erroneous or contrary to law." *See Pressley v. City of New York*, No. 11-CV-3234, 2013 WL 145747, at *14 (E.D.N.Y. Jan. 14, 2013) (citations omitted)(A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'"). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *See United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004)(quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case

---

[2] County also made a motion for preclusion, which was denied.

[3] By letter dated June 3, 2013 (Docket Entry No. 55) Plaintiff requested that the Court reopen discovery. County replied to Plaintiff's motion by letter dated June 6, 2013 (Docket Entry No. 56). Village replied to Plaintiff's motion by letter dated June 7, 2013 (Docket Entry No. 57). Neither reply raised the preclusion issue. By Order dated July 15, 2013, the Court denied Plaintiff's application for further extension of the discovery deadline. (Docket Entry No. 60).

law, or rules of procedure." *Hamill v. Prudential Ins. Co. of Am.*, No. 11-CV-1464, 2013 WL 27548, at *4 (E.D.N.Y. Jan. 2, 2013)(internal citation and quotation omitted).  Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10-CV-2518, 2011 WL 5117733, at *2 (E.D.N.Y. Sept. 6, 2011)(citing *Conway v. Icahn*, 16 F.3d 504 (2d Cir. 1994)). Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203–04 (E.D.N.Y. 2010) (citations and internal quotation omitted).

Preclusion of evidence is generally a disfavored action. *Jockey International, Inc. v. M/V Leverkusen Express*, 217 F. Supp.2d 447, 452 (S.D.N.Y.2002). Indeed, "[n]otwithstanding the mandatory language of Rule 37(c), courts in the Second Circuit have viewed the imposition of sanctions under the rule as discretionary and have generally not ordered preclusion." *Houlihan v. Invacare Corp.*, 2006 WL 1455469 (E.D.N.Y. May 24, 2006)(citing *Hein v. Cuprum, S.A., De C.V.,* 53 Fed. Appx. 134, 2002 WL 31768155 (2d Cir.2002); *Atkins v. County of Orange,* 372 F.Supp.2d 377, 396 (S.D.N.Y.2005) (citing cases); *Potter v. Phillips,* No. CV 03-4942, 2004 WL 3250122, *2 (E.D.N.Y. Mar. 28, 2004)("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely")).

In making this determination, Courts generally consider, *inter alia*: (i) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence or testimony (*Jockey*, 217 F. Supp.2d at 452 ("Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure.")); (ii) the party's good faith explanation for the failure to comply with the discovery order (*Ward v. National*

*Geographic Soc'y,* No. 99 Civ. 12385, 2002 WL 27777, at *2 (S.D.N.Y. Jan. 11, 2002)(Preclusion is a drastic remedy to be imposed only in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure)); and (iii) the importance of the evidence at issue (*In re Teligent, Inc.,* 2006 WL 1030417, at *6 (S.D.N.Y. 2006)( "Preclusion of important evidence is a harsh remedy akin to the entry of a default judgment."); *Webb v. Buchanan Marine, Inc*., 2000 WL 35923676 (S.D.N.Y. 2000)(Preclusion would be in effect a dismissal of plaintiff's claims which would not be just in light of both parties negligence in failing to respond to discovery requests and compel responses)). Analysis of these factors confirms that the May 23 Order was sound.

1.   Defendants have Suffered Little To No Prejudice as a Result of this Evidence

First, the Village has suffered little to no prejudice as a result of this late disclosure. "The sanction [of preclusion under FRCP 37(c)] is [] rendered ineffective if the failure to disclose was harmless." *Jockey*, 217 F. Supp.2d at 452. "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Id.* (citation omitted); *see also Webb*, 2000 WL 35923676("Where a party is not prejudiced by the evidence that was not timely disclosed, preclusion is not an appropriate sanction.").

Here, the Village's feigned claims of prejudice and unfair surprise are belied by the record, as the documents relied upon by the Report and Recommendation were produced on March 5, 2013. This March 5 production was made ten months before Village served their motion papers on January 8, 2014, and at least two years before trial. Moreover, the Village participated in the criminal trial against Plaintiff, were aware of it from their §50-h examination and could have accessed those records at anytime. *See Green v. Montgomery,* 219 F.3d 52, 57

(2d Cir.2000)("New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue ...")(citing *Kalogris v. Roberts,* 185 A.D.2d 335, 586 N.Y.S.2d 806, 807 (1992); *Taylor v. New York City Transit Auth.,* 131 A.D.2d 460, 461, 516 N.Y.S.2d 237 (1987)); *see also Crosby v. City of New York,* 269 F.R.D. 267, 274 (S.D.N.Y.2010)( "[I]n cases presenting federal questions, such as here, discoverability, privileges, and confidentiality are governed by federal law, not state law.").

As Village had knowledge of these records and sufficient time to investigate and pursue them, there is no prejudice. *Jockey,* 217 F. Supp. 2d at 452-53 (S.D.N.Y.2002) ("Apart from a generic cry of prejudice, [the parties seeking preclusion] do not suggest that they would have done anything differently had the documents at issue been disclosed earlier."). Village confirmed at the August 23, 2013 pre-motion conference  before Your Honor ("August 23 Conference") that it would not have done anything differently.  When the Court offered Defendants the opportunity to address potential discovery concerns, the Village declined and stated that it would prefer to move forward with a motion schedule.  August 23, 2013 Hearing Transcript, 26:12-28:11, a copy of the hearing transcript is annexed hereto as **Ex. 2**.

Further, the Court is permitted to take judicial notice of the evidence transcripts and records from the underlying criminal case. *See* Fed. R. Evid. 201; *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006); *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 242 (E.D.N.Y. 2013) *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015)("Courts routinely take judicial notice at the motion to dismiss stage of transcripts—including those of testimony provided in related criminal proceedings—when they are incorporated into the complaint by reference."); *Garnett v. City of*

*New York*, 2014 WL 1383255, at *2 (S.D.N.Y. Apr. 4, 2014)(taking judicial notice of documents referenced by but not attached to complaint such as the underlying criminal complaint and trial transcript from plaintiff's associated criminal case); *Johnson v. Police Officer #17969*, 2000 WL 1877090, at *2 (S.D.N.Y. Dec. 27, 2000)(considering on motion to dismiss public documents stemming from criminal trial including trial and hearing transcripts, verdict, criminal court decision).

### 2.    Plaintiff's Late Disclosure Does Not Reflect Bad Faith

Second, Plaintiff's late disclosure on March 5, 2013 does not reflect bad faith.   "The preclusion of evidence not disclosed in discovery is a drastic remedy and will apply only in situations where the failure to disclose represents flagrant bad faith and callous disregard of the rules." *Kunstler v. City of New York*, 242 F.R.D. 261, 265 (S.D.N.Y. 2007)(quotation omitted); *Jockey*, 217 F.Supp.2d at 452 (preclusion of evidence is generally disfavored); *Ward*, 2002 WL 27777 at *2 (Preclusion is a "drastic remedy" to be imposed only "in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure"); *Webb*, 2000 WL 35923676 ("Before resorting to the extreme sanction of preclusion, a court must consider less dramatic responses, particularly where failure to comply is due to a mere oversight of counsel amounting to no more than simple negligence.")(citing *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988) (quotations omitted)).

Far from a showing of flagrant bad faith, as previously detailed in the record, Plaintiff's disclosure on March 5—less than one month after the close of discovery— was due to a parade of unfortunate circumstances and challenges following the dissolution of his attorney's previous law firm. *See* March 25, 2013 Letter LaSasso to Judge Boyle (Docket Entry No. 30); April 25, 2013 Letter LaSasso to Judge Brodie (DE 45); Affidavit of Joseph Anci annexed as Ex. E to May

17, 2013 Letter LaSasso to Judge Boyle (Docket Entry No. 49); Affirmation of Mariel LaSasso annexed as Ex. F to May 17, 2013 Letter LaSasso to Judge Boyle (Docket Entry No. 49). Preclusion of documents turned over less than one month late—and at least two years before trial—does not constitute one of "those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure" so as to warrant preclusion. *See Jockey*, 217 F. Supp.2d at 452(citing *Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y.1999)(quoting *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y.1995))).

The absence of bad faith is further reflected by the Village's previous consent to the March 5 Production, which the Village maintained through May 14, 2013 when it stated that it had "no problem with records and witnesses that were disclosed prior to the submission of the pretrial order."   Transcript of Hearing, May 14, 2013, 16:21-23 (Docket Entry No. 52). Additionally, in consideration of Village's consent, Judge Boyle made clear at the April 11, 2013 Conference that the documents disclosed on March 5, 2013 would be available for the parties' use. *See* **Ex. 1**, Transcript of Hearing, April 11, 2013, 6:15-20; 9; 20:24-21:4; 22:4-8. Indeed, it was only following the April 11 hearing, by letter to Judge Boyle dated April 19, 2013, that the Village requested the preclusion of all documents not produced prior to the certification date of February 7, 2013. (Docket Entry No. 42)

Aside from being an unduly harsh sanction, the Village's flip-flopping position on this preclusion issue is disingenuous and unjust given the Village's previous consent and own discovery failures in this case (*i.e*., Village served its own discovery response, containing only general objections, on April 10, 2013). *See Webb*, 2000 WL 35923676 (where counsel for both parties was negligent in failing to respond to discovery requests and compelling responses, preclusion of all of the plaintiff's proposed evidence, a sanction that would in effect be a

dismissal of the Plaintiff's claims, would not be just).

3.   The March 5 Disclosure Contains Critical Evidence

Finally, the March 5 Disclosure contains records which demonstrate that Plaintiff was arrested without probable cause; as this evidence is material to Plaintiff's claims, "[p]reclusion of [this] important evidence is a harsh remedy akin to the entry of a default judgment. " *Teligent,* 2006 WL 1030417 at *6 (citations omitted).  Thus, the Court properly found that preclusion was an inappropriate sanction in this case. *Id.*

D.   The Village Objection as to Documents is Merely a Reiteration of Village's Previous Application for Preclusion Denied by the May 23 Order

With respect to the documents referenced by the Report and Recommendation, the Village Objection is merely a reiteration of Village's previous applications to preclude the use of records from the March 5 Production (April 19, 2013 Letter Village to Judge Boyle (Docket Entry No. 42); Transcript of Hearing, May 14, 2013 (Docket Entry No. 52); May 21, 2013 Letter Village to Judge Boyle (Docket Entry No.51)), which were denied by the May 23 Order.  As such, the Court should review this portion of the Village's objection to the Report and Recommendation for clear error and, for the reasons set forth above, deny the Village Objection. *See Rahman v. Fischer,* No. 10–CV–1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin,* No. 12–CV–9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates arguments made to the magistrate judge); *see also DePrima v. City of New York Dep't of Educ.,* No. 12–CV–3626, 2014 WL

11

1155282, at *3 (E.D.N.Y. Mar. 20, 2014) (collecting cases).

E.      The Village Objection as to Witness Affidavits was Also Previously Addressed by the Court

The Village Objection as to the Report and Recommendation's reliance on the witness affidavits of Plaintiff, Robert Napolitano, Willie R. Dixon and Anthony Fore should also be denied. Plaintiff's opposition to the Village and County motions for summary judgment was supported by the affidavits of Plaintiff, Dixon, Napolitano and Fore.  The Joint PTO Plaintiff filed on April 6, 2013 (Docket Entry No. 38) included Dixon, Napolitano and Anthony Fore a/k/a "Super Blood" as potential witnesses.

Further, in June 2013, Plaintiff identified Anthony Fore as the individual known as "Super Blood," an eyewitness to the Peters Avenue shooting, and obtained a sworn statement from him. Pursuant to Plaintiff's continuing discovery obligations, Plaintiff produced this statement on July 2, 2013. *See* Fed. R. Civ. P. 26(e).

To accommodate any concern or issue raised by Defendants regarding late disclosure of witnesses, Plaintiff offered to make the witnesses available numerous times prior to the filing of summary judgment motions. On August 6, 2013 Plaintiff served upon Village and County deposition notices and subpoenas of non-party witnesses Schuck, Ferucci, Conyers and Napolitano setting forth examinations to commence on August 20 and 21, 2013.  *See* August 6, 2013 Email LaSasso to Corbett and Laserna, annexed hereto as **Ex. 3**.  On August 7, 2013 County wrote to Plaintiff, copying Village, and demanded that Plaintiff withdraw the subpoenas because discovery was closed.  *See* August 7, 2013 Email Laserna to LaSasso, annexed hereto as **Ex. 4**.  Counsel for Plaintiff and County spoke by telephone on August 7, 2013.  In a follow-up email to County, copying Village, Plaintiff wrote:

12

> As we discussed by phone the witnesses listed are willing to speak with Plaintiff voluntarily and have information favorable to Plaintiff's claims. Additionally, as I explained, we've previously offered to make Plaintiff's witnesses available for examination by Defendants on consent and the notices and subpoenas are one final attempt to do so again. You've made clear that the *County does not wish to take these depositions and would prefer that Plaintiff proceed by sworn statements outside the deposition process*. Plaintiff is amenable to doing so, however, we would like to discuss the matter first with the Village Defendants, who have not contacted me on the matter. I know you've discussed the issue with them and if they confirm your position, we will agree to withdraw the subpoenas. If they would like to examine the witnesses, then we will need to discuss the issue further.

August 7, 2013 Email LaSasso to Laserna (*emphasis added*), annexed hereto as **Ex. 5**.  At this time Plaintiff also provided an additional notice and subpoena for the deposition of Willie R. Dixon.  *Id.*   Plaintiff's counsel telephoned Village's counsel to discuss the issue and left a message, but the call was never returned.  Plaintiff followed-up with Village by email, asking if Village wanted to depose these witnesses.  *See* August 7, 2013 Email LaSasso to Corbett, annexed hereto as **Ex. 6**.  On August 19, 2013, Plaintiff again followed-up with Village by email:

> I write as a follow-up to my emails and call to you on August 7 and 8, 2013. Given my discussion with Mr. Laserna on August 7, 2013 and your lack of response stating otherwise, Plaintiff has notified his witnesses that the Defendants do not wish to examine them.  Please contact me if you would like to further discuss this or any other matter.

August 19, 2013 Email LaSasso to Corbett, annexed hereto as **Ex. 7**. Village did not respond and indicated at the August 23 Conference that it was not interested in deposing these witnesses.  *See infra*.

   The Village had ample opportunity to depose witnesses prior to the motions for summary judgment in this matter. *See e.g. Outley,* 837 F.2d at 591; *Teligent,* 2006 WL 1030417 at *6 (Where the substance of a witnesses' testimony is known nearly a year before trial and the party

had an opportunity to depose the witness two months before trial but ignored the opportunity, preclusion is inappropriate.); *Lore v. City of Syracuse*, 2005 WL 3095506 (N.D.N.Y. 2005)("While it may be true that plaintiff failed to adhere to the letter of the discovery rules, the court is convinced that defendants were sufficiently aware of the existence and relevance of the persons in question so that defendants are not being subjected to trial by ambush."); *Jockey*, 217 F. Supp. 2d at 452-53 ("Apart from a generic cry of prejudice, [the parties seeking preclusion] do not suggest that they would have done anything differently had the documents at issue been disclosed earlier." *Id.* at 453). Where a party knew through their own experience of potential witnesses, and could have deposed them but did not, despite the opposing party's failure to timely disclose them in discovery it is hard to justify the characterization as an "ambush at trial" meriting the sanction of preclusion. *Wright v. Aargo Sec. Serv,* 2001 WL 1035139 (S.D.N.Y. 2001).

This issue of these witness affidavits was fully addressed at the August 23 Conference. At the August 23 Conference, the Court indicated that Plaintiff could submit affirmations from individuals who plan to testify at trial. **Ex. 2**, August 23, 2013 Hearing Transcript, 20:17-21:19. Plaintiff informed the Court that the Plaintiff had noticed the witness' depositions to provide the Defendants with an opportunity to depose them, which the Defendants declined. **Ex. 2**, August 23, 2013 Hearing Transcript, 24:5-24:18.   Your Honor indicated that if the concern was an opportunity for examination, the Court would entertain a motion to reopen discovery to depose the witnesses. **Ex. 2**, August 23, 2013 Hearing Transcript, 26:12-27:10.  In addressing this issue, the Court gave the following warning to the Defendants:

> THE COURT:     And, yes, we could move forward where we go to summary
> judgment and plaintiff submits affirmations and you haven't
> seen or gotten an opportunity to depose these witnesses and
> the court relies on it and denies your motion and then you

|                   |                                                                                                                                                                                                                 |
|-------------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                   | are at trial with witnesses who you haven't had an opportunity to depose. Does that put you in a good position? Or, you can take the opportunity to depose these witnesses, know what they are going to say, and then move forward. It's really up to you. |
| MR. CORBETT:      | Your Honor, if I may answer for the village.                                                                                                                                                                    |
| THE COURT:        | Yes.                                                                                                                                                                                                             |
| MR. CORBETT:      | The Village of Hempstead is ready to set a briefing schedule today and put it on papers under 12(c) and move forward. We are prepared to move forward and set a briefing what the schedule, at least for the Village of Hempstead. |
| THE COURT:        | Because your position is it doesn't matter facts are?                                                                                                                                                            |
| MR. CORBETT:      | That's correct, your Honor. Mine is not going to be a factual dispute. It's going to be a dispute that they didn't properly plead their cause of action against the Village based upon their Complaint.          |

*Id.* 27:2-23.  This is a far cry from the Village Objection which incredibly argues "[t]he Village

Defendants were denied an opportunity to assess any evidence in this case." Village Objection, 8.

The Court accepted that position, and directed the parties to move forward with their motions.

*See* **Ex. 2**, August 23, 2013 Hearing Transcript, 26:12-29:12.  The record clearly reflects that

Village had ample time review and investigate the documentary evidence and specifically

declined to examine witnesses.  Thus, preclusion of the evidence referenced by Plaintiff in his

opposition to Defendants' Motions for Summary Judgment is improper.

## II.    Village's Motion was Properly Construed as a Motion For Summary Judgment

As the Report and Recommendation properly relied upon the Plaintiff's 56.1 Statement

and Plaintiff's Additional Material Facts, and the referenced evidence, the Village's motion to

dismiss pursuant to 12(c) and Rule 56 was correctly construed as a motion for summary

judgment pursuant to Rule 56. The Report and Recommendation recognized and properly

disposed of this issue, stating:

> On May 6, 2014, Village Defendants filed a motion to dismiss, or in the alternative a motion for summary judgment, and County Defendants filed a motion for summary judgment. DE [77]-[85]. The parties agree that the motion by the Village Defendants, though captioned in the alternative, is properly treated as a motion for summary judgment.

RR, 14 (citing Pl.'s Br. 4-5; Village Defts.' Reply Br. 3).   Put simply, while the Village Objection speaks of insufficient pleading, in their underlying motion papers, the Village's focus was clearly on sufficiency of the evidence and material questions of fact, which lead to the treatment of Village's dispositive motion as one for summary judgment. RR, 5-6 (The Village's motion with respect to false arrest asks the Court to evaluate the existence and substantiation of matters alleged in the Complaint—not whether or not the pleadings are sufficient); *see e.g.* Village Defendant's Brief, 4 (Village argued that Plaintiff's conspiracy claim should be dismissed because "[p]laintiff has failed to present any evidence" of his claims); Village Reply Brief, 3 ("Village Defendants are entitled to dismissal as there are no triable issues of fact"), Village Reply Brief, 10 ("Based upon the evidence of this case, there is no doubt that the Village Defendants are entitled to Judgment on the Pleadings and/or Summary Judgment.").

Moreover, the Village's motion papers cite to facts contained in County's Motion Papers (*see e.g.* Village Defendant's Brief 2, 5; Village Reply Brief, 2, 3, 5, 6, 7, 10, 11) and Plaintiff's Rule 56.1 Statement (*see e.g.* Village Reply Brief at 7, 8, 12).   This reliance on records and evidence outside the pleadings further requires that Village's purported motion for 12(c) be construed as a motion for summary judgment under Rule 56.   Fed R. Civ. P 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to

the motion.); *see also Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* 475 F.Supp.2d 275, 278 (S.D.N.Y.2006) (citing *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988))(Although the Court must convert a 12(c) motion into a motion for summary judgment when it considers matters outside the pleadings, the decision to convert is a matter for the court's discretion.).

## III.   The Report and Recommendation's Legal Conclusions are Sound

Village argues that it was erroneous not to dismiss the Complaint because "[t]he evidence of the case at bar, establishes that Village Defendants did not arrest the Plaintiff."   Village Objection at 9.   The well-articulated and reasoned Report and Recommendation correctly found that Plaintiff has raised a genuine issue of material fact as to whether Chief Wing and Trustee Pettus, the individual Village Defendants, "instigated" plaintiff's arrest, a theory that fits squarely within the applicable case law.   RR, 24-25.   The evidence submitted makes this clear and supports the detailed factual allegations set forth in the Complaint (Docket Entry No. 1) regarding the agreement by Village Defendants Pettus and Wing to orchestrate Plaintiff's arrest by the NCPD.   *See* Complaint (Docket Entry No. 1), ¶¶100-112, 118.   The Report and Recommendation properly found that "plaintiff has presented a genuine issue of material fact as to whether Individual [Village] Defendants created an agreement with Individual County Defendants through circumstantial evidence."   RR, 27.

Village's remaining arguments were thoroughly considered and rejected in the Report and Recommendation and Plaintiff respectfully refers the Court to the same.   As the Report and Recommendation is well-reasoned, comprehensive, and fully contemplated and rejected the issues Village raises in its Objection, Plaintiff respectfully requests that the Court fully adopt the Report and Recommendation.

Dated:  New York, New York
        May 27, 2015

Respectfully submitted,

LASASSO LAW GROUP PLLC

/S/

_____

   By: Mariel LaSasso, Esq.
80 Maiden Lane, Suite 2205
New York, New York 10038
(212) 421-6000
mariel@lasassolaw.com
*Attorneys for the Plaintiff*

18